IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MONTY KENT WALKER, | ) |
| Petitioner, | ) Case No. 2:08-CV-422 TS |
| v. | ) District Judge Ted Stewart |
| UTAH BOARD OF PARDONS, | ) **MEMORANDUM DECISION** |
| Respondent. | ) Magistrate Judge Samuel Alba |

Petitioner, Monty Kent Walker, an inmate at Utah State Prison, requests a habeas corpus remedy.[1] The Court denies him relief on three alternative bases: the period of limitation's expiration, procedural default, and his claims' lack of merit.

## BACKGROUND

While Petitioner was on parole in 1988, he was accused of attempted forcible sodomy. The Utah Board of Pardons and Parole (BOP) thus instigated parole revocation proceedings, which resulted in Petitioner's return to prison. On June 21, 1988, the BOP held an evidentiary hearing during which it found sufficient evidence that Petitioner had violated his parole agreement, and it formally revoked his parole. There is no record or hint that Petitioner appealed. Unrelated to this petition, he has since been paroled five more times, but is now back in prison.

About twenty years after the relevant hearing in which his parole was formally revoked, on May 27, 2008, Petitioner filed

---

[1] *See* 28 U.S.C.S. § 2241 (2009).

this federal petition, in which he argues that his federal constitutional, as well as his state-law, rights were violated in the parole-revocation process in 1988. The State responded, arguing that the petition is untimely and, in any case, is without merit. The State is correct.

## ANALYSIS

### I. Untimely Petition

Because Petitioner's parole revocation became final in 1988, before Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner was required to file his § 2241 claims within one year of April 24, 1996, adding any time tolled by statute or equitable grounds.[2] There is no record that Petitioner filed--particularly after April 24, 1996--a state petition for post-conviction relief regarding this parole revocation, so there is no ground for statutory tolling. Meanwhile, the only basis Petitioner suggests for equitable tolling is actual innocence. This basis burdens Petitioner with making "a proper showing of factual innocence."[3] However, his mere rehashing of the evidence and alleged violations of his civil rights in state proceedings does nothing to convince this Court that the exception applies.

---

[2] See id. § 2244(d); Gibson v. Klinger, 232 F.3d 799, 803, 808 (10th Cir. 2000).

[3] Byrns v. Utah, No. 98-4085, 1998 U.S. App. LEXIS 31426, at *8 (10th Cir. Dec. 16, 1998) (unpublished) (citing Herrera v. Collins, 506 U.S. 390, 404 (1992)).

2

Accordingly, this federal habeas petition, initiated in 2008, was filed at least ten years too late. The Court thus denies it.

## II. Procedural Default

Petitioner argues that the BOP violated state law and his federal constitutional rights in 1988 when it charged him with attempted forcible sodomy, tried him, and convicted him, on the way to revoking his parole.

In general, before Petitioner may seek review of a Utah decision in federal court, he must exhaust all remedies in the Utah courts.[4] This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[5] Here, Petitioner apparently did not present these issues to any Utah court, let alone the Utah Supreme Court.

The United States Supreme Court has held that when a petitioner has "'failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted

---

[4] See 28 U.S.C.S. § 2254(b) & (c) (2009); Picard v. Connor, 404 U.S. 270, 275 (1971); Knapp v. Henderson, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998) (unpublished).

[5] See Picard, 404 U.S. at 275-276; Knapp, 1998 WL 778774, at *2.

and procedurally defaulted for purposes of federal habeas relief."[6]

Utah's Post-Conviction Remedies Act (PCRA) states, "A person is not eligible for relief under this chapter upon any ground that . . . is barred by the [one-year] limitation period . . . ."[7] The grounds Petitioner raises could have been raised anytime since 1988 (or one year from 1996, when PCRA was enacted) and are now, therefore, ineligible for state post-conviction relief. So, even if Petitioner were, at this time, to try filing a state post-conviction-relief petition to effect exhaustion of these issues, the statute of limitation has run out and such a petition would not be accepted (barring some possible extreme exceptional circumstance that has not been brought to the Court's attention).

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'"[8] Except for a cursory, inadequate argument of actual innocence, Petitioner has argued neither cause and prejudice nor a fundamental miscarriage of justice that justify his procedural default.

---

[6]*Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

[7]Utah Code Ann. § 78B-9-106(1)(e) (2008).

[8]*Thomas*, 218 F.3d at 1221 (alteration in original) (citation omitted).

4

In sum, the Court determines Petitioner did not attack this parole-revocation hearing before the Utah Supreme Court. Because under state law his issues no longer qualify to be raised in Utah courts, the Court concludes that they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case. Indeed, Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice excusing his default.

### III. Analysis of Merits

As mentioned above, Petitioner challenges the proceedings in which his parole was revoked in 1988. He argues that the BOP violated his state law[9] and federal constitutional rights. He apparently mistakes the proceedings to have been criminal, requiring the process due a criminal defendant. However, "revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations."[10]

The Supreme Court has set forth "the minimum requirements of due process" for parole-revocation proceedings:

> They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c)

---

[9] This Court declines to consider Petitioner's arguments regarding the BOP's alleged violation(s) of Utah law. See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

[10] *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972).

5

>      opportunity to be heard in person and to
>      present witnesses and documentary evidence;
>      (d) the right to confront and cross-examine
>      adverse witnesses (unless the hearing officer
>      specifically finds good cause for not
>      allowing confrontation); (e) a "neutral and
>      detached" hearing body such as a traditional
>      parole board, members of which need not be
>      judicial officers or lawyers; and (f) a
>      written statement by the factfinders as to
>      the evidence relied on and reasons for
>      revoking parole.  We emphasize there is no
>      thought to equate . . . parole revocation to
>      a criminal prosecution in any sense.[11]

Reviewing the record here, the Court sees that all *Morrissey*'s requirements were observed:  Starting with his preliminary hearing, Petitioner was notified of the allegations regarding his March 1988 offense of attempted forcible sodomy. The allegations were presented in April 1988 in a Parole Violation Report.  Also in April 1988, Petitioner signed a copy of his Prerevocation Hearing Information, certifying that he had received the charges against him and materials about his right to hearing.  He then requested a hearing and certain witnesses.  At the preliminary hearing, on June 1, 1988, he entered a not-guilty plea.  An evidentiary hearing was set.

After the evidentiary hearing, in its Findings of Fact and Conclusions of Law and Order, the BOP stated that it had

---

[11]*Id.* at 489.

"disclosed the evidence against the parolee, . . . [and] allowed the parolee the opportunity to be heard, to present witnesses and documentary evidence, and to confront and cross-examine adverse witnesses." It then set forth several findings of fact and conclusions of law in determining that Petitioner's parole should be revoked. Not one *Morrissey* stone was left unturned. And, Petitioner has never disputed that this process was afforded him.

Petitioner's claims that his constitutional rights were violated by the way the BOP conducted his parole-revocation process are groundless. The process he wanted--that available to a criminal defendant--was simply not available to him, as a parolee facing revocation.

## CONCLUSION

On any one of the three grounds listed above, IT IS HEREBY ORDERED that Petitioner's § 2241 habeas petition is DENIED.

DATED this 23rd day of March, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge